

**SIGNED this 08th day of September, 2012.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Stacey Jo Scott | 12-50388 |
| *Debtor* | Chapter 13 |
| Stacey Jo Scott | |
| *Plaintiff* | |
| v. | Adv. No. 12-5087 |
| Santander Consumer, USA, Inc., Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and John Doe | |
| *Defendants* | |

**Decision on Motion to Dismiss Adversary Proceeding**

Came on for consideration the foregoing matter. Santander Consumer, USA, Inc. filed a motion to dismiss, asserting as grounds lack of subject matter jurisdiction, lack of judicial authority, and failure to state a claim for which relief can be granted. The court originally granted the motion, prematurely as it turned out. The court set aside that order

and gave the plaintiff responded time to file a response. A response has been timely filed. This decision addresses the matter on the merits.

## Background

Without making factual findings (which would be inappropriate at this stage), the nature of the dispute may be described as follows: Santander loaned the debtors money to buy a car, and retained a security interest in the vehicle. The debtor fell behind in her payments, and the creditor commenced collection action. According to the debtor, the initial collection action consisted of dunning calls, made not only to her but also to her parents (who were not parties to the transaction), in which the caller threatened to "call the police" on their daughter. Dunning calls allegedly continued on the debtor's mother even after the debtor complained about the calls and asked that they stop. Demands were also made on the debtor's step-father, according to the complaint, who was himself retired from the collections business and knew the tactics to be improper. These harassing calls are said to have continued for some months or more.

Plaintiiff alleges that Santander entered into a contract with Patrick K Willis Co. to collect the debt. Plaintiff also says that Willis is not licensed to conduct business in this state, and has not posted a proper bond. It is alleged that a person collecting on this debt (whose identity is unknown), entered the debtor's real property, went around to the back of the house, screaming for the debtor and threatening to call the police if the debtor did not surrender the car. The collector then is said to have banged on the neighbor's door, screaming about the debtor's not giving up the car.

The debtor says she wrote a letter to Santander asking them to stop collection calls. The letter was received, but she says collection calls were still made to her -- including after the bankruptcy was filed.

**Arguments**

Santander first argues lack of subject matter jurisdiction, essentially contending that, because the actions complained of, as well as the note, arise under state law, these matters cannot be decided in this court. Santander also argues that there is no subject matter jurisdiction over the affirmative claims asserted back against it for invasion of privacy, breach of peace, harassment, extortion, trespass, or violations of the state and federal debt collection practices acts. None of these matters, it is said, can be asserted under the aegis of section 1334, and there is no other independent basis for hearing them in this court. It is alleged that *Stern v. Marshall* has some relevance to the matter.

Santander then argues that the complaint fails to allege facts sufficient to state a cause of action such that the complaint should be dismissed. First, it is alleged that the tort actions are actually disguised contract actions. A similar allegation is made with respect to the TDCA claim. As for the FDCPA claims, Santander says that it is not subject to the FDCPA because it meets the definition of a creditor, based on the plain language of the complaint.

The plaintiff debtor responds that some of the causes of action arise under section 362, over which this court clearly has jurisdiction. In addition, the debtor points out that, to the extent that its factual allegations form a basis for reducing or eliminating the claim of Santander, those matters fall well within the court's jurisdiction. That an

action relies on state law does not mean that the bankruptcy court cannot hear the matter. If state law informs whether a claim is or is not allowable, the matter will still be decided by a federal court.

The debtor also says that many of its actions are in the nature of recoupment or setoff, and so can be brought. She relies on section 553.

**Analysis**

The court has subject matter jurisdiction to hear any violations of the automatic stay. The court also has subject matter jurisdiction to hear the allowance or disallowance of Santander's claim against the estate. Both such matters arise under title 11 and so fall within the ambit of section 1334(b).

Santander's claim that it is not a proper defendant on an FDCPA cause of action is sound. The FDCPA claim against Santander is dismissed.

The claims for invasion of privacy, extortion, and trespass are valid tort actions, that may have their existence outside the contract. Santander, if it committed trespass, for example, was not simply breaching a contract -- else every tort associated with the collection of a debt would be converted to a breach of contract action. These claims will not be dismissed. However, to the extent that the debtor is seeking affirmative relief that exceeds the amount of the indebtedness owed to Santander, that affirmative relief will have to be pursued in a different court. *See Stern v. Marshall*, 131 S.Ct. 2594 (2011).

Regardless whether the actions stand in tort or contract, recoupment applies. Recoupment actions fall within the core subject matter jurisdiction of the court, as they are deemed to be part and parcel of the claims allowance process. *See In re U.S. Abatement Corp.*, 79 F.3d 393, 398 (5th Cir. 1996) *(*recoupment allows one party to

reduce the amount of another party's claim by asserting a claim against it that arose out of the same transaction or subject matter); *see also In re Wolf Mountain Resorts, L.C.*, 2011 Bankr. LEXIS 2970 (Bankr. C.D. Calif 2011) (Peter Carroll, B.J.). The doctrine is equitable in nature, in that it said to be inequitable to allow one party to enjoy the benefits of the transaction without also meeting its obligations.

A separate order will be entered.

# # #